

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
**SEP 2 5 2000**
2000 SEP 25 PM 4: 27

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**HERMAN A. TUREAUD #341244**                          **CIVIL ACTION**

**versus**                                                           **NO. 00-384**

**N. BURL CAIN, WARDEN**                               **SECTION: "I" (3)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

DATE OF ENTRY
SEP 2 6 2000

SEP 2 6 2000

DATE OF MAILING

Petitioner, Herman Tureaud, is a state court prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On February 10, 1994, petitioner was found guilty of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1 (West 1997).[2] On January 5, 1995, petitioner was sentenced to life in prison at hard labor without benefit of parole, probation, or suspension of sentence.[3] On January 31, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[4] Petitioner sought supervisory and/or remedial writs with the Louisiana Supreme Court which denied petitioner relief on December 13, 1996.[5] Petitioner's conviction became final after the delay for rehearing had passed, i.e. December 28, 1996.[6]

In support of his application for federal *habeas corpus* relief, petitioner claims that:

1. The trial court erred when it failed to instruct the jury on negligent homicide;

2. The jury foreman failed to disclose during voir dire that he was a former police officer and that his father-in-law was a retired deputy police chief;

3. A juror failed to disclose that he and defense counsel were former high school classmates;

4. Petitioner was unduly prejudiced by the fact that the jury considered ballistics evidence offered by a fellow juror;

---

[2] State R., Vol. I of II.

[3] State R., Vol. I of II.

[4] State v. Tureau, 666 So.2d 737 (La. App. 4th Cir. 1996)(table); State R., Vol. I of II.

[5] State v. Tureau, 692 So.2d 368 (La. 1996); State R., Vol. I of II.

[6] La. C.Cr.P. art. 922 (West 1997).

5. The defendant was convicted, in part, because he failed to testify at trial;

6. The jury improperly convicted petitioner of second degree murder because it thought that the sentence for manslaughter was not severe enough;

7. The trial court erred in denying petitioner's motion for a new trial based on newly discovered and material evidence;

8. The petitioner's case was unconstitutionally transferred from juvenile court to criminal district court pursuant to La.Ch.C. art. 305, et seq.; and,

9. The trial court erred in limiting the defense's question concerning the character and conduct of the victim.

Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final.[7] The AEDPA's one-year statute of limitations

_____

[7] 28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. <u>See</u> <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244 (d)(2). "'[A] properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." <u>Villegas v. Johnson</u>, 184 F.3d 467, 469 (5th Cir. 1999)(<u>quoting</u> <u>Lovasz v. Vaughn</u>, 134 F.3d 146, 148 (3rd Cir. 1998)); <u>Williams v. Cain</u>, 217 F.3d 303 (5th Cir. 2000).

From December 28, 1996, the date petitioner's conviction became final, until December 28 1997, petitioner had no applications for state post-conviction relief or other collateral review pending before the Louisiana state courts.[8]    Therefore, the AEDPA deadline expired on

---

(D) the date on which the factual predicate of the claim or claims is presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

[8] On September 17, 1997, petitioner filed a motion for the production of jury instructions which was denied by the trial court on October 16, 1997. Petitioner's motion for the production of jury instructions is not considered an application for state post-conviction relief or other collateral review. "Because [a motion for production] is preliminary in nature and does not directly call into question the validity of a defendant's conviction or sentence, the Court does not believe that it qualifies as an '...application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...' so as to suspend the running of the one-year statute of limitations under §2244(d)(2)." <u>Brisbon v. Cain</u>, 2000 WL 45872, at *2 (E.D. La. Jan. 18, 2000) (Chasez, M.J.) (Report and Recommendation adopted by the U.S. District Court in an order dated February 17, 2000) Nevertheless, this Court notes that even if it were to afford petitioner the one month that the motion was pending before the trial court, that would not alter the Court's conclusion.

December 28, 1997. Petitioner filed his federal *habeas corpus* petition on January 21, 2000.[9]

The Fifth Circuit has held that the AEDPA one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, __ U.S. __, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); Phillips v. Donnelly, 216 F.3d 508 (5th Cir. July 10, 2000). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted), cert. denied, __ U.S. __, 120 S.Ct. 1564, 146 L.Ed.2d. 467 (2000). This Court knows of no reason which would support equitable tolling of the statute of limitations.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief, **BE DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[9] Rec. Doc. 1. Petitioner does not sign or date his petition, but his pauper application is dated certified on January 21, 2000. This date represents the earliest date that petitioner could have presented his application for federal *habeas* relief to prison officials for mailing to this Court and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995)(citing Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).

court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n.</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this **21** day of _____, 2000.

_____
**LANCE M. AFRICK**
**UNITED STATES MAGISTRATE JUDGE**

- 6 -